**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | |
|---|---|
| RELINK US LLC,<br>Plaintiff,<br>v.<br>TESLA, INC.,<br>Defendant. | Civil Action No.: 1:23-cv-1093-DII<br><br>**JURY TRIAL DEMANDED** |

## JOINT FEDERAL RULE OF CIVIL PROCEDURE 26 REPORT

***1. What are the causes of action, defenses, and counterclaims in this case? What are the elements of the cause(s) of action, defenses, and counterclaims pled?***

Plaintiff Relink US LLC ("Relink") asserts that Defendant Tesla, Inc. ("Tesla") has infringed and continues to infringe U.S. Patent No. 9,973,755 ("'755 patent"), which relates to uninterruptable power supplies and managing power flow in a grid-tied photovoltaic system. Dkt. 1, ¶ 8. Relink accuses Tesla's Powerwall line of products, including Powerwall (fka Powerwall 2), Powerwall+, and Powerwall 3[1] systems. Tesla answered the complaint on January 2, 2024 denying infringement

[1] **Tesla's Position**: Tesla disputes that the Powerwall 3 is an accused product. The actual accused products identified in Relink's operative complaint (filed on December 4, 2023) are Tesla's so-called "home backup systems that include a Tesla Solar Inverter, including those of the Powerwall (fka Powerwall 2) and Powerwall+ systems." Dkt. 21, ¶ 12. Neither Relink's December 2023 complaint nor the attached claim chart includes any allegations regarding the Powerwall 3, which was publicized and launched at the time. *See, e.g.*, https://electrek.co/2023/09/12/tesla-officially-launches-powerwall-3-specs/. Further, to the extent Relink attempts to accuse the Powerwall 3, Tesla reserves all rights, including demonstrating, if necessary and at the appropriate time, that the Powerwall 3 cannot plausibly be capable of being identified as an "Accused Product."

(continued...)

and contending that the ’755 patent is invalid, among other defenses. Dkt. 36. Tesla has not asserted any counterclaims. Tesla also filed a petition for *inter partes* review (“IPR”) of the ’755 patent on January 31, 2024, which was given IPR no. IPR2014-00389.

***2. Are there any outstanding jurisdictional issues?*** No.

***3. Are there any unserved parties? If more than 90 days have passed since the filing of the Complaint or petition, should these unserved parties be dismissed?*** N/A

***4. Are there any agreements or stipulations that can be made about any facts in this case or any element in the cause(s) of action?***

Not at this time, but the Parties will continue to meet and confer on potential agreements and/or stipulations as the case progresses.

***5. Are there any legal issues in this case that can be narrowed by agreement or by motion?***

Not at this time, but the parties anticipate filing dispositive motions as the case proceeds.

***6. Are there any issues about preservation of discoverable information?***

None known at this time.

***7. Are there any issues about disclosure or discovery of electronically stored information? In what forms should electronically-stored information be produced and will production include metadata?***

None known at this time. The parties agree to negotiate a protocol for ESI if needed.

---

**Relink’s Position**: Pursuant to the Parties’ proposed Scheduling Order submitted to the Court on February 6, 2024 (Dkt. 41), on or before March 26, 2024, Relink will serve its disclosure of asserted claims and infringement contentions which will identify various “home backup systems that include a Tesla Solar Inverter”—as stated in the complaint—including allegations of infringement against Tesla’s Powerwall systems, including Powerwall (fka Powerwall 2), Powerwall+ and Powerwall 3, a product which Relink believes will be released in 2024, which is after Relink filed its complaint on September 13, 2023. (https://www.tesla.com/support/energy/powerwall/learn/what-expect-powerwall-3 (“Powerwall 3 will be available starting in 2024.”). Regardless, it is axiomatic that the complaint does not limit the scope of accused products because “[c]ontrary to [Tesla’s] argument, ***plaintiffs are not required to identify all allegedly infringing products in their complaint*** and map those products to patent claims.” *Kawasaki Jukogyo Kabushiki Kaisha v. Rorze Corp.*, -- F. Supp. 3d --, No. 22-cv-04947-EJD, 2023 WL 7420648, at *2 (N.D. Cal. June 15, 2023) (emphasis added and collecting cases holding same).

***8. What are the subjects on which discovery may be needed?***

Relink intends to seek discovery on the accused products, including discovery regarding the structure, function and operation of the accused products and Tesla's financials and potential license agreements regarding the accused products. Relink also intends to seek discovery regarding Tesla's knowledge of the '755 patent. Tesla intends[2] to seek discovery on at least the priority date, conception and reduction to practice, and diligence related to the '755 patent, commercialization or attempted commercialization of any products allegedly covered by the '755 patent, and the invalidity of the '755 patent, including, but not limited to prior art, Relink's and the named inventors' knowledge and disclosure to the Patent Office of prior art, the prosecution of the '755 patent, and any alleged secondary indicia of nonobviousness. Tesla also intends to seek discovery on any licenses or attempts by Relink to license, sell, or otherwise monetize the '755 patent, as well as ownership rights in the '755 patent, and any transfers of financial interest in the monetization of the '755 patent or this litigation.

***9. Have initial disclosures been made? If not, should any changes be made in the timing, form, or requirement for initial disclosures?***

The parties agree to serve initial disclosures on February 23, 2024.

***10. What, if any, discovery has been completed? What discovery remains to be done and when should it be completed? Have the parties considered conducting discovery in phases or agreeing to limit discovery?***

The parties held a Rule 26(f) conference on February 1, 2024. Relink has served a first set of requests for production and a first set of interrogatories. Tesla has served a first set of requests for production and a first set of interrogatories. Significant discovery still remains to be done. The

[2] Tesla objects to pursuing discovery at this early juncture, and reserves all rights to object to any discovery requests, including under the Federal Rules of Civil Procedure, the Western District of Texas Local Rules, and the Standing Orders of any Judge to which this case might be assigned.

parties have submitted a proposed schedule setting July 18, 2025 as the deadline by which to complete all fact discovery.

**Defendant's Position**: Tesla objects to pursuing fact discovery at this early juncture and reserves all rights. This case has not yet been assigned to a judge. Judges in this district provide differing deadlines to begin fact discovery. For example, it is not the case that all judges in this district allow fact discovery prior to *Markman*. *See, e.g.*, Standing Order Governing Proceedings (OGP) 4.3 – Patent Cases at 14 (April 4, 2023) (Albright, J.) (indicating fact discovery opens one business day following the *Markman* hearing). In addition, Tesla has filed a motion to transfer this case to the Northern District of California (Dkt. 29-2; 37), as well as a petition for IPR of the '755 patent (IPR2024-00389). It is Tesla's position that fact discovery should be stayed pending the resolution of Tesla's motion to transfer and petition for IPR, and at the very least, through the completion of the *Markman* hearing.

***11. What, if any, discovery disputes exist?***

With respect to requests for admission, the parties have reached agreement that each party is permitted to serve 50 requests for admission exclusive of those that seek admission as to the authenticity of a document or thing.

The parties have not been able to agree on the point at which fact discovery begins in this case, as well as certain other discovery limits as follows:

**Relink's Position**: Relink believes that the discovery limits set forth in the Federal Rules of Civil Procedure should govern (i.e., 25 interrogatories, 10 fact depositions totaling no more than 70 hours of deposition, excluding third-party depositions)

**Tesla's Position**: Considering the issues in this case, Tesla believes that the parties should be limited to no more than five (5) fact depositions, excluding third-party depositions, and no more that fifteen (15) interrogatories.

***12. Have the parties discussed the desirability of filing a proposed order pursuant to Federal Rule of Evidence 502?***

The parties will address inadvertent disclosure of privileged information in a protective order, a draft of which the parties are currently negotiating.

***13. Have the parties discussed early mediation?***

No, but the parties have proposed submitting a report on alternative dispute resolution on November 11, 2025.

***14. Have the parties considered seeking entry of a confidentiality and protective order and are there any other scheduling or discovery items requiring the court's attention?***

The parties are negotiating and will submit a proposed protective order to govern the exchange of confidential information. The parties have submitted a proposed scheduling order. There are no other scheduling or discovery items requiring the Court's attention.

Dated: February 8, 2024

/s/ Marc Belloli
Marc Belloli (*pro hac vice*)
California State Bar No. 244290
mbelloli@bdiplaw.com
M. Elizabeth Day (*pro hac vice*)
California State Bar No. 177125
eday@bdiplaw.com
Jerry D. Tice II
State Bar No. 24093263
jtice@bdiplaw.com
Ben Brownlow (*pro hac vice*)
North Carolina State Bar No. 44258
bbrownlow@bdiplaw.com
BUNSOW DE MORY LLP
701 El Camino Real,
Redwood City, CA 94063

Respectfully submitted,

/s/ Nicholas A. Restauri
Brent A. Hawkins (*pro hac vice*)
California Bar No. 314266
Illinois Bar No. 6243086
brent.hawkins@morganlewis.com
Morgan, Lewis & Bockius LLP
One Market, Spear Street Tower
San Francisco, CA 94105
Telephone: (415) 442-1000
Facsimile: (415) 442-1001

Nicholas A. Restauri (*pro hac vice*)
Illinois Bar No. 6309995
nicholas.restauri@morganlewis.com
James J. Kritsas (*pro hac vice*)
Illinois Bar No. 6313286

Tel: (650) 351-7248
Fax: (415) 426-4744

B. Russell Horton
State Bar No. 10014450
rhorton@gbkh.com
George Brothers Kincaid & Horton, L.L.P.
114 West 7th St., Suite 1100
Austin, TX 78701
Tel: (512) 495-1400
Fax: (512) 499-0094

*Attorneys for Plaintiff*
Relink US LLC

james.kritsas@morganlewis.com
Morgan, Lewis & Bockius LLP
110 North Wacker Drive
Chicago, IL 60606
Telephone: (312) 324-1000
Facsimile: (312) 324-1001

Elizabeth M. Chiaviello
Texas Bar No. 24088913
elizabeth.chiaviello@morganlewis.com
Morgan, Lewis & Bockius, LLP
1717 Main Street, Suite 3200
Dallas, Texas 75201
T: 214.466.4000
F: 214.466.4001

Alex Hanna (*pro hac vice*)
NJ Bar No. 029172006
DC Bar No. 975725
NY Bar No. 5368915
*alehanna@tesla.com*
TESLA, INC.
3000 Hanover St.
Palo Alto, CA 94304
T. (650) 586-2409
F. (650) 586-5101

*Attorneys for Defendant*
Tesla, Inc.

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system on February 8, 2024.

*/s/ B. Russ Horton*
B. Russ Horton