**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | |
|---|---|
| RELINK US LLC,<br><br>Plaintiff,<br><br>v.<br><br>TESLA, INC.,<br><br>Defendant. | Civil Action No.: 1:23-cv-1093-DII<br><br>**JURY TRIAL DEMANDED** |

# PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO STAY PENDING *INTER PARTES* REVIEW AND MOTION TO TRANSFER

## TABLE OF CONTENTS

Page


I. INTRODUCTION .......... 1

II. THE CASE SHOULD NOT BE STAYED PEDNING RESOLUTION OF DEFENDANT'S MOTION TO TRANSFER .......... 1

- A. Defendant's Gamesmanship and the Timing of its Motion Warrant Denial of a Stay .......... 1
- B. Defendant's Transfer Motion Fails in Numerous Ways, Including the Fact that There is No Personal Jurisdiction Over Relink in the Northern District of California .......... 2
- C. Defendant's One Paragraph Discussing Stay Pending Resolution of the Transfer Motion Fails .......... 3

III. THE CASE SHOULD NOT BE STAYED PENDING *INTER PARTES* REVIEW (IPR) WHEN IT IS SPECULATIVE WHETHER DEFENDANT'S PETITION WILL EVEN BE GRANTED .......... 4

- A. The Totality of the Circumstances Weigh Heavily Against Granting a Stay .......... 4
  1. The Issue of Whether a Stay Will Simplify the Case is Speculative and Weighs Heavily Against Stay .......... 5
  2. Relink and its Managing Member are Prejudiced by a Stay .......... 7
  3. There is No Prejudice to Defendant in Proceeding With a Schedule it Agreed to Both Before and During the Scheduling Conference .......... 8
  4. Defendant's Argument that a Stay Would Conserve Judicial Resources is Specious .......... 8

IV. CONCLUSION .......... 9

## TABLE OF AUTHORITIES

Page(s)

### CASES

*Advanced Electrolyte Techs. LLC v. Samsung SDI Co.*,
No. A:17-CV-0030-LY, 2018 WL 11346890 (W.D. Tex. Sept. 24, 2018) .......... 4

*Allure Energy, Inc. v. Nest Labs, Inc.*,
No. 9-13-CV-102, 2015 WL 11110606 (E.D. Tex. Apr. 2, 2015) .......... 6

*Barkan Wireless IP Holdings, L.P. v. Samsung Elecs. Co., Ltd.*,
No. 2:18-CV-00028-JRG, 2019 WL 8647996 (E.D. Tex. Mar. 15, 2019) .......... 6

*DiCon Fiberoptics, Inc. v. Preciseley Microtechnology Corp.*,
No. 15-cv-01362-BLF, 2015 WL 12859346 (N.D. Cal. Oct. 13, 2015) .......... 5

*Easton Baseball/Softball, Inc. v. Wilson Sporting Goods Co.*,
No. CV 15-9221-R, 2016 WL 9114010 (C.D. Cal. Sept, 16, 2016) .......... 6

*Ellison Educ. Equip., Inc. v. Stephanie Barnard Designs, Inc.*,
No. SA CV 18-2043-DOC (ADSx), 2020 WL 2084674 (C.D. Cal. Jan. 13, 2020) .......... 6

*Garrity Power Services LLC v. Samsung Electronics Co. Ltd.*,
No. 2:20-cv-00269-JRG (E.D. Tex. Dc. 10, 2021) .......... 7

*Hologram USA, Inc v. Vntana, 3D, LLC*,
CV 14-09489-BRO (AGR), 2015 WL 12791513 (C.D. Cal. Dec. 7, 2015) .......... 6

*In re Apple Inc.*,
979 F.3d 1332 (Fed. Cir. 2020) .......... 2, 3

*Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*,
456 U.S. 694 (1982) .......... 3

*Intellectual Ventures I LLC v. T-Mobile USA, Inc.*,
No. 2:17-cv-00577-JRG, 2018 WL 11363370 (E.D. Tex. Dec. 13, 2018) .......... 7

*Landis v. N. Am., Co.*,
299 U.S. 248 (1936) .......... 4

*Maxchief Invs. Ltd. v. Wok & Pan., Ind., Inc.*,
909 F.3d 1134 (Fed. Cir. 2018) .......... 3

*MiMedx Grp., Inc., v. Tissue Transplant Tech. Ltd.*,
No. SA-14-CV-719, 2015 WL 11573771 (W.D. Tex. Jan. 5, 2015) ........................................ 5

*Otto Bock HealthCare LP v. Ossur HF*,
No. SACV 13-00891, 2013 WL 12313020 (C.D. Cal. Dec. 16, 2013) ................................... 6

*Parallel Networks Licensing, LLC v. Ramquest Software, Inc.*,
No. 4:19-cv-487, 2020 WL 1236266 (E.D. Tex. Mar. 13, 2020) ............................................ 6

*Personal Audio, LLC v. Togi Ent., Inc.*,
No. 2:13-CV-13-JRG-RSP, 2014 WL 12617549 (E.D. Tex. Aug. 1, 2014) ............................................................................................................... 6

*Phillips Petroleum Co. v. Shutts*,
472 U.S. 797 (1985) .................................................................................................................. 3

*Polaris Innovations Ltd. v. Kingston Tech. Co., Inc.*,
No. SACV 16-00300-CJC (RAOx), 2016 WL 7496740 (C.D. Cal. Nov. 17, 2016) ............................................................................................................ 6

*Realtime Data LLC v. Actian Corp.*,
No. 6:15-CV-463, 2016 WL 9340796 (E.D. Tex. Nov. 29, 2016) ........................................... 6

*Realtime Data, LLC v. Rackspace US, Inc.*,
No. 6:16-cv-00961 RWS-JDL, 2017 WL 772654 (E.D. Tex. Feb. 28, 2017) ............................................................................................................... 6

*Rembrandt Wireless Techs., LP v. Samsung Elecs. Co. Ltd.*,
No. 2:13-CV-213-JRG-RSP, 2015 WL 627887 (E.D. Tex. Jan. 29, 2015) ............................................................................................................... 6

*SpeakWare, Inc. v. Microsoft Corp.*,
No. SA CV 18-1293-DOC (DFMx), 2019 WL 1878350 (C.D. Cal Feb. 21, 2019) ............................................................................................................ 6

*SZ DJI Tech. Co. Ltd. v. Yuneec Int'l Co., Ltd.*,
No. CV 16-0595-BRO-KKx, 2016 WL 9114148 (C.D. Cal. Dec. 1, 2016) ............................................................................................................... 5

*TracBeam, L.L.C. v. T-Mobile US, Inc.*,
No. 6:14-cv-678, 2016 WL 9225574 (E.D. Tex. Mar. 29, 2016) ............................................ 6

*Trover Group, Inc. v. Dedicated Micros USA*,
No. 2:13-cv-1047-WCB, 2015 WL 1069179 (E.D. Tex. Mar. 11, 2015) ................................ 5

*Universal Electronics, Inc. v. Universal Remote Control, Inc.*,
943 F. Supp. 2d 1028 (C.D. Cal 2013) ......................................................................... 6

## STATUTES

35 U.S.C. § 314(b) .......... 5

## I. INTRODUCTION

Defendant's motion focuses on irrelevant mudslinging. Indeed, Defendant insinuates that it is somehow improper for a Texas-based inventor (Paul Garrity, the managing member of Relink) to enforce his intellectual property (IP) rights against a large public company whose headquarters is in Austin. But the fact that this case pits a small company seeking to protect its IP against infringement by a corporate behemoth is one of the many reasons this case should not be stayed.

Moreover, as demonstrated below, the timing of Defendant's motion and conduct at the scheduling conference evinces gamesmanship. The "totality of the circumstances" surrounding the motion, including the relevant stay related factors, favor the motion being denied.

## II. THE CASE SHOULD NOT BE STAYED PEDNING RESOLUTION OF DEFENDANT'S MOTION TO TRANSFER

### A. Defendant's Gamesmanship and the Timing of its Motion Warrant Denial of a Stay

Defendant moved to transfer on December 15, 2023. Dkt. 29-32. The parties conducted the Rule 26(f) conference on February 1, 2024, and served requests for production and interrogatories immediately thereafter. Ex. A-D. The parties submitted a proposed agreed upon scheduling order and a Rule 26(f) report on February 6 and 8. Dkt. 41, 42. On February 13, the Court set a scheduling conference for March 5. Dkt. 47. On February 23, the parties served their initial disclosures consistent with the agreed upon schedule. Ex. E-F. Defendant further waited until March 1 (the Friday before Tuesday's scheduling conference) to file a motion to stay and refused to answer the discovery that Relink had propounded thirty days earlier. Dkt. 51.[1]

---

[1] Notwithstanding the fact that both sides served discovery on non-transfer related issues, when it came time to respond to that discovery, Defendant's response to every document request and interrogatory repeated the following: "Non-venue fact discovery is premature, unduly burdensome, (continued...)

Then, at the scheduling conference, Defendant assented to the Court's proposed date for a claim construction hearing (October 30, 2024) and trial date (February 23, 2026). Dkt. 53 at p. 4. When the Court asked if there were any other issues to discuss, Defendant said there were none and the scheduling conference adjourned.

Given Defendant waited two and a half months to request a stay based on its transfer motion, and because it was lying in wait to file the stay request until just before the scheduling conference (but without mentioning it at the scheduling conference), there is no reason to stay this action pending the resolution of the transfer motion. The only mandate in terms of *when* a transfer motion must be decided in a patent infringement case is prior to merits-related determinations such as the claim construction hearing. *In re Apple Inc.*, 979 F.3d 1332, 1343 (Fed. Cir. 2020). That hearing is scheduled for October 30, nearly seven months from now, and there are no substantive issues for the Court to consider before that hearing. Dkt. 53 at p. 4. If Defendant desired a stay pending resolution of the transfer motion, it should have sought such a stay much sooner. It did not, and there is no reason to pause the agreed schedule the parties prepared, and the Court ordered. Dkt. 53.

### B. Defendant's Transfer Motion Fails in Numerous Ways, Including the Fact that There is No Personal Jurisdiction Over Relink in the Northern District of California

As explained in detail in Relink's opposition to Defendant's motion to transfer (Dkt. 46), this action cannot be transferred to the Northern District of California (N.D. Cal.) because N.D. Cal. does not have personal jurisdiction over Relink. The Due Process Clause of the Fourteenth Amendment

---

and inappropriate in this venue for at least the reasons articulated in Tesla's Motion to Stay filed on March 1, 2024. Further, an appropriate Protective Order has not yet been entered in this case. Tesla will supplement its response to the non-objectionable portions of this Interrogatory, if any, after entry of an appropriate Protective Order in this case and the Court's determination on Tesla's Motion to Stay." *See* Ex. G-H. Thus, Defendant improperly granted its own motion to stay by refusing to answer discovery just before the scheduling conference. In contrast, Relink responded to Defendant's discovery requests and produced documents. Ex. I-J.

mandates that a court have personal jurisdiction over litigants before it. *Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702-703 (1982). Moreover, the personal jurisdiction protections of the Due Process Clause apply equally to plaintiffs and defendants. *Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 811 (1985). The filing of a patent lawsuit alone does not confer personal jurisdiction over the patent owner in other districts. *Maxchief Invs. Ltd. v. Wok & Pan., Ind., Inc.,* 909 F.3d 1134, 1137-40 (Fed. Cir. 2018). Instead, there must be an independent basis for personal jurisdiction. *Id.* Here, Relink is a Texas LLC with no relevant contacts with the State of California such that it cannot be forced to litigate there under the Fourteenth Amendment.

Even if the Court could transfer Relink to N.D. Cal. (it cannot), Defendant's motion to transfer also fails for a plethora of reasons including the fact that Defendant is headquartered in Austin, there are numerous relevant party and third-party witnesses in the District, and there is a strong local interest in the case remaining in this District given Defendant's activities in this District that are germane to issues in the case. *See generally* Dkt. 46.

### C. Defendant's One Paragraph Discussing Stay Pending Resolution of the Transfer Motion Fails

Contrary to Defendant's assertion, the *Apple* case does not stand for the proposition that discovery must be stayed pending resolution of a transfer motion. *In re Apple*, 979 F.3d at 1334. It only stands for the proposition that once a transfer motion is filed, disposition of that motion should occur before other merits-related determinations, like claim construction, occur. *Id.* Moreover, as stated above, there is currently nothing substantive for the Court to decide before October 30, 2024, when the Court is set to conduct the claim construction hearing. Dkt. 53 at p. 4.

Perhaps realizing any substantive rulings by the Court are months away, Defendant's argument boils down to the following sentence: "if fact discovery is not stayed and the case is ultimately transferred to NDCA, discovery disputes would likely need to be relitigated in NDCA; the

inefficiencies and expense of such outcome weight in favor of a stay." Dkt. 51 at 10. Defendant thus cannot point to a single substantive issue that would need to be "relitigated." Moreover, there are no discovery disputes, much less ones that need to be "relitigated." If Defendant was being honest about this argument, it would have moved to stay upon filing its motion for transfer nearly three months ago. Instead, Defendant proceeded with this case, agreeing to a schedule and serving substantive discovery (Ex. A-B) and initial disclosures (Ex. E). Perhaps most importantly, Defendant would have flagged its pending motion to stay at the scheduling conference instead of assenting to the dates the Court provided.

Finally, any fact discovery taken now may be used in this litigation regardless of the venue in which this case ultimately proceeds. There is no justification for staying the case at this time pending resolution of the transfer motion, particularly in light of Defendant's behavior leading up to the motion.

## III. THE CASE SHOULD NOT BE STAYED PENDING *INTER PARTES* REVIEW (IPR) WHEN IT IS SPECULATIVE WHETHER DEFENDANT'S PETITION WILL EVEN BE GRANTED

Before reaching the issue of stay pending IPR, Relink submits that the Court should rule on the transfer motion. And Relink further submits that after denying transfer, the Court should deny Defendant's request for stay pending IPR as discussed below.

### A. The Totality of the Circumstances Weigh Heavily Against Granting a Stay

"[I]n determining whether to stay court proceedings pending resolution of IPR proceedings, courts usually evaluate the totality of the circumstances in the particular case before them." *Advanced Electrolyte Techs. LLC v. Samsung SDI Co.*, No. A:17-CV-0030-LY, 2018 WL 11346890, at *1 (W.D. Tex. Sept. 24, 2018) (citing *Landis v. N. Am., Co.*, 299 U.S. 248, 254 (1936)). Here, the totality of the circumstances—i.e., both the factors the Court considers in addressing stay and the events that led up to the stay motion—favor denying the motion.

### 1. The Issue of Whether a Stay Will Simplify the Case is Speculative and Weighs Heavily Against Stay

Defendant's assertion that "a stay would *necessarily* narrow the scope of the case" is false. Dkt. 51 at p. 6 (emphasis added). As Defendant concedes, to date Defendant merely petitioned for IPR on January 31, 2024. *See* Defendant's Ex. 3. On or before August 8, 2024, the Patent Trial and Appeal Board ("PTAB") will decide whether or not to initiate an IPR. But until then, this is merely a request by Defendant, and nothing more.

It is therefore highly speculative whether a stay would lead to simplification of any issue in this case. Indeed, if Defendant's request/petition is denied, there is no simplification at all. Accordingly, the great weight of the authority on the issue of stay is that it is highly speculative whether the PTAB will institute IPR proceedings, which weighs against staying a case. "In this case, however, the PTAB has not yet determined whether to institute IPR proceedings, and it may be five months before the PTAB makes that determination. 35 U.S.C. § 314(b)." *MiMedx Grp., Inc., v. Tissue Transplant Tech. Ltd*., No. SA-14-CV-719, 2015 WL 11573771, at *2 (W.D. Tex. Jan. 5, 2015). The speculative nature of mere IPR petitions strongly favors not staying the case and is often the dispositive factor. *Trover Group, Inc. v. Dedicated Micros USA*, No. 2:13-cv-1047-WCB, 2015 WL 1069179, at *4 (E.D. Tex. Mar. 11, 2015) (Bryson, J.) (collecting cases and finding that the most important factor in determining whether to stay a litigation pending IPR is whether the PTAB acted on the petitions for review); *SZ DJI Tech. Co. Ltd. v. Yuneec Int'l Co., Ltd.*, No. CV 16-0595-BRO-KKx, 2016 WL 9114148, at *3-4 (C.D. Cal. Dec. 1, 2016) ("The fact that the petitions have not yet been granted or denied makes it more difficult to predict whether the issues are likely to be simplified."); *DiCon Fiberoptics, Inc. v. Preciseley Microtechnology Corp.*, No. 15-cv-01362-BLF, 2015 WL 12859346, at *2 (N.D. Cal. Oct. 13, 2015) ("Until the PTAB makes a decision on whether to grant the IPR petition, any argument about whether the IPR process will simplify issues in this

litigation is highly speculative. . . . [Thus,] [a]bsent unusual circumstances, . . . the filing of an IPR request does not by itself simplify the issues in a case.”); *Universal Elecs., Inc. v. Universal Remote Control, Inc.*, 943 F. Supp. 2d 1028, 1028 (C.D. Cal 2013); *Otto Bock HealthCare LP v. Ossur HF*, No. SACV 13-00891, 2013 WL 12313020 (C.D. Cal. Dec. 16, 2013); *Ellison Educ. Equip., Inc. v. Stephanie Barnard Designs, Inc.*, No. SA CV 18-2043-DOC (ADSx), 2020 WL 2084674 (C.D. Cal. Jan. 13, 2020); *Easton Baseball/Softball, Inc. v. Wilson Sporting Goods Co*., No. CV 15-9221-R, 2016 WL 9114010 (C.D. Cal. Sept, 16, 2016); *SpeakWare, Inc. v. Microsoft Corp*., No. SA CV 18-1293-DOC (DFMx), 2019 WL 1878350 (C.D. Cal Feb. 21, 2019); *Polaris Innovations Ltd. v. Kingston Tech. Co., Inc.*, No. SACV 16-00300-CJC (RAOx), 2016 WL 7496740 (C.D. Cal. Nov. 17, 2016); *Barkan Wireless IP Holdings, L.P. v. Samsung Elecs. Co., Ltd.*, No. 2:18-CV-00028-JRG, 2019 WL 8647996 (E.D. Tex. Mar. 15, 2019); *Allure Energy, Inc. v. Nest Labs, Inc*., No. 9-13-CV-102, 2015 WL 11110606 (E.D. Tex. Apr. 2, 2015); *Rembrandt Wireless Techs., LP v. Samsung Elecs. Co. Ltd*., No. 2:13-CV-213-JRG-RSP, 2015 WL 627887 (E.D. Tex. Jan. 29, 2015); *TracBeam, L.L.C. v. T-Mobile US, Inc*., No. 6:14-cv-678, 2016 WL 9225574 (E.D. Tex. Mar. 29, 2016); *Realtime Data LLC v. Actian Corp*., No. 6:15-CV-463, 2016 WL 9340796 (E.D. Tex. Nov. 29, 2016); *Parallel Networks Licensing, LLC v. Ramquest Software, Inc*., No. 4:19-cv-487, 2020 WL 1236266 (E.D. Tex. Mar. 13, 2020); *Personal Audio, LLC v. Togi Ent., Inc*., No. 2:13-CV-13-JRG-RSP, 2014 WL 12617549 (E.D. Tex. Aug. 1, 2014); *Realtime Data, LLC v. Rackspace US, Inc*., No. 6:16-cv-00961 RWS-JDL, 2017 WL 772654 (E.D. Tex. Feb. 28, 2017); *Hologram USA, Inc v. Vntana, 3D, LLC*, CV 14-09489-BRO (AGR), 2015 WL 12791513 (C.D. Cal. Dec. 7, 2015).

At this point, there is no reason to believe a stay is likely to achieve anything except a delay of the agreed upon schedule. And delay is not warranted at this time when there will be a ruling on whether or not the petition is granted several months before the October 30, 2024, claim construction

hearing—i.e., the first time the Court will need to address any substantive issues in this case.

This factor weighs against stay.

### 2. Relink and its Managing Member are Prejudiced by a Stay

As Defendant unwittingly concedes, there is prejudice to Relink and its managing member, Mr. Garrity, if there is a stay. Mr. Garrity is an inventor who developed the patented technology in Texas and plaintiff Relink holds that patent. Dkt. 44-2. That Relink is a small company managed by an inventor means that delay of resolution and payment is *per se* prejudicial. *See Garrity Power Servs. LLC v. Samsung Elecs. Co. Ltd.*, No. 2:20-cv-00269-JRG, Dkt. 227 at 4 (E.D. Tex. Dec. 10, 2021) (holding that "Plaintiff does have an interest in the efficient adjudication of its patent rights" and that "[w]hile a delay in recovering money damages may not rise to the same level of prejudice as entry of warranted injunctive relief, such is far from non-prejudicial. The Court has little doubt that any hard-working American who is told that their paycheck is delayed 'just a few months' would agree that such causes them and their family no harm."); *see also Intellectual Ventures I LLC v. T-Mobile USA, Inc.*, No. 2:17-cv-00577-JRG, 2018 WL 11363370, at *2 (E.D. Tex. Dec. 13, 2018) ("It is well established that Plaintiff's timely enforcement of its patent rights is entitled to some weight, even if that factor is not dispositive.").

There is also prejudice to Relink given Defendant's gamesmanship as outlined above in Section II.A. Defendant could have moved to stay in December when it moved to transfer or upon filing its IPR petition on January 31. It chose not to. Instead, Defendant worked with Relink to craft an agreed upon schedule, exchanged initial disclosures, served requests for production and interrogatories and did not raise the issue of stay at the *scheduling* conference even though it made its motion shortly before. Dkt. 51 Now that the parties are through the scheduling conference, and used judicial resources to do so, there is no reason to do an about face and stop the case while the PTAB decides whether or not to institute. Based on the case schedule entered (Dkt. 53), there are no

deadlines that require Court resources prior the August 8, 2024, deadline for the PTAB to decide whether or not to institute IPR.

This factor weighs against stay.

#### 3. There is No Prejudice to Defendant in Proceeding With a Schedule it Agreed to Both Before and During the Scheduling Conference

Defendant agreed to the schedule that is in place *after* it filed its IPR petition on January 31, 2024. Dkt. 41. It again agreed at the scheduling conference by assenting to the dates for the claim construction hearing and trial and not raising any issue about stay when the Court asked if there were any other issues for the Court to address. Dkt. 53. Accordingly, Defendant suffers no prejudice in going forward with a schedule it twice agreed to—once *after* it filed its stay motion.

#### 4. Defendant's Argument that a Stay Would Conserve Judicial Resources is Specious

Defendant's "judicial resources" arguments at pages 7-8 of its motion are incorrect and belied by Defendant's own conduct. Again, transfer can be decided long before the Court is scheduled to engage with the merits of the case during the claim construction hearing on October 30, 2024. Dkt. 53 at p. 4. Moreover, an institution decision on the IPR will occur on or before August 8, 2024, long before the claim construction hearing. If denied, anything that was submitted to the PTAB leading up to the denial of the petition can be considered at the October 30, 2024, claim construction hearing. Defendant fails to identify any judicial resources saved.

Defendant's argument regarding judicial resources is also puzzling when it moved for a stay two business days before the scheduling conference, accepted the Court's schedule and did not raise the issue when the parties were live on the phone with the Court. The reality is that no judicial resources are saved with a stay. The Court has seven months to rule on transfer before the claim construction hearing and no judicial resources are saved if Defendant's request for IPR is denied.

All factors favor denying stay pending IPR. There is no IPR unless and until the PTAB grants

Defendant's request on or before August 8, 2024.

## IV. CONCLUSION

Relink respectfully submits that the Court should deny the motion to stay pending transfer, rule on the motion to transfer and then deny the motion to stay pending IPR.

Dated: March 8, 2024

Respectfully submitted,

/s/ Marc Belloli
Marc Belloli (*pro hac vice*)
California State Bar No. 244290
mbelloli@bdiplaw.com
M. Elizabeth Day (*pro hac vice*)
California State Bar No. 177125
eday@bdiplaw.com
Jerry D. Tice II
State Bar No. 24093263
jtice@bdiplaw.com
Ben Brownlow (*pro hac vice*)
North Carolina State Bar No. 44258
bbrownlow@bdiplaw.com
BUNSOW DE MORY LLP
701 El Camino Real,
Redwood City, CA 94063
Tel: (650) 351-7248
Fax: (415) 426-4744

B. Russell Horton
State Bar No. 10014450
rhorton@gbkh.com
George Brothers Kincaid & Horton, L.L.P.
114 West 7th St., Suite 1100
Austin, TX 78701
Tel: (512) 495-1400
Fax: (512) 499-0094

*Attorneys for Plaintiff*
Relink US LLC

## CERTIFICATE OF SERVICE

The undersigned counsel hereby certifies that on March 8, 2024, a true and correct copy of the foregoing response was served on all counsel of record who have appeared in this case via email and/or the Court's CM/ECF system per Local Rule CV-5.

*/s/ Marc Belloli*
Marc Belloli