IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| RELINK US LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 1:23-CV-1093-DII |
| | § | |
| TESLA, INC., | § | |
| | § | |
| Defendant. | § | |

## ORDER

Before the Court is Defendant Tesla, Inc.'s ("Tesla") Opposed Motion To Stay Pending *Inter Partes* Review And Motion To Transfer. (Dkt. 51). Plaintiff Relink US LLC ("Relink") filed a response in opposition, (Dkt. 54), and Tesla filed a reply, (Dkt. 57). Having considered the parties' arguments, the Court will grant the motion to stay the case.

Relink filed its complaint on September 13, 2023, alleging that Tesla infringes U.S. Patent No. 9,793,755 (the "'755 patent"). (Compl., Dkt. 1). On December 18, 2023, Tesla filed a Motion to Transfer to the Northern District of California. (Dkt. 32). On January 31, 2024, Tesla filed a petition with the Patent Trial and Appeal Board (the "PTAB") for *inter partes* review of all claims of the '755 patent. (Mot., Dkt. 51, at 1). Tesla moves to stay all proceedings in this case pending resolution of these proceedings before the PTAB. (*Id.*). In the alternative, Tesla moves to stay all non-venue fact discovery pending resolution of its motion to transfer. (*Id.*).

District courts generally consider three factors when determining whether to stay a matter in light of *inter partes* proceedings: (1) whether a stay will simplify the issues raised; (2) whether a stay would unduly prejudice or present a clear tactical disadvantage to the nonmoving party; and (3) the status of the litigation at the time the stay is requested. *See Crossroads Sys. v. DOT Hill Sys. Corp.*, No. A-13-CA-1025-SS, 2015 WL 3773014, at *2 (W.D. Tex. Jun. 16, 2015).

1

Tesla asserts that: (1) a stay will not unduly prejudice Relink because the two parties do not compete, Relink seeks only monetary damages, and the stay would only cause a short delay in the case; (2) a stay has a substantial likelihood of simplifying the issues, as the *inter partes* petition includes every patent claim at issue in the present case; (3) this case is in its early stages, as no non-venue discovery has taken place and claim construction briefing is not set to begin until July 26, 2024; and (4) Tesla would be prejudiced without a stay.[1] (Mot., Dkt. 51, at 4–10).

Relink responds that: (1) there is no evidence a stay will simplify the issues as the PTAB has not yet instituted an *inter partes* review and, according to Relink, Tesla's petition is unlikely to be successful; (2) a stay will unduly prejudice Relink and its managing member because a delay of the proceedings for even a few months is at odds with Relink's interest in the timely enforcement of its patent rights and because Tesla delayed in filing this motion; (3) Tesla is not prejudiced because it agreed to the case schedule; and (4) judicial resources will not be conserved by a stay.[2] (Resp., Dkt. 54, at 4–8).

The Court finds that the factors weigh in favor of granting a stay. Should the PTAB decide to engage in *inter partes* review, the issues in this case could be greatly simplified, given that the PTAB could find that all or some of the claims of the '755 patent, the sole patent asserted in this case, are unpatentable. And if "some of the asserted claims survive [*inter partes*] review, then statements and reasoning by the PTAB may be persuasive as this court construes the parties' disputed claim terms." *Anza Tech., Inc. v. Avant Tech., Inc.*, No. A-17-CV-01193-LY, 2018 WL 11314191, at *2 (W.D. Tex. Nov. 15, 2018). However, even if the PTAB decides not to engage in *inter partes* review, the case will

---

[1] Tesla also notes that "only to the extent the Court does not entirely stay the case, Tesla alternatively moves to stay fact discovery until the Transfer Motion is fully resolved." (Mot., Dkt. 51, at 10). Because the Court grants the motion to stay the case pending resolution of the *inter partes* review, the Court does not discuss this argument.

[2] Relink also argues that the case should not be stayed pending resolution of Tesla's motion to transfer. (Resp., Dkt. 54, at 1–4). As discussed in the previous footnote, because the Court grants the motion to stay the case pending resolution of the *inter partes* review, the Court does not discuss this argument.

only have been stayed a matter of months—an institution decision is expected by August 8, 2024, (Mot., Dkt. 51, at 3)—and proceedings can begin again at that time. *See Nobots, LLC v. Google, LLC*, No. 1:22-cv-585-RP, Dkt. 53 (W.D. Tex. July 13, 2022). Accordingly, there is a high likelihood that a stay will simplify the issues in the case.

Second, the Court finds that—should the PTAB decide not to institute *inter partes* review—a short stay of the proceedings will not unduly prejudice Relink or its managing member. Because Relink does not produce products on its patents nor does it compete with Tesla, a stay will not unduly prejudice Relink or its managing member's interests. *See Bell Semiconductor, LLC v. NXP Semiconductors, N.V.*, No. 1:20-CV-611-LY, 2022 WL 1447948, at *2 (W.D. Tex. Feb. 7, 2022). To the contrary, this Court has held that a party's "mere delay in collecting [monetary] damages does not constitute undue prejudice." *Crossroads Sys.*, 2015 WL 3773014, at *2. Furthermore, the Court finds that a stay would not present a clear tactical disadvantage to Relink. While Relink argues that Tesla engaged in gamesmanship by delaying in filing the motion to stay, the Court finds that Tesla timely filed the motion to stay just over one month after filing a petition for *inter partes* review. And while Tesla also filed a motion to transfer the case approximately three months ago, the briefing on the motion to transfer was only completed 11 days after the motion to stay was filed. (*See* Reply to Mot. Transfer, Dkt. 55-2). The Court cannot find any clear tactical disadvantage to Relink arising from the parties' Joint Motion For Extension Of Time To Take Venue Related Discovery And Complete Briefing On Defendant's Motion To Transfer Venue Under 28 U.S.C. §1404(a), (Dkt. 33), which resulted in the lengthy briefing schedule on the motion to transfer. Because Relink agreed to the lengthy briefing schedule in the joint motion, Relink cannot now claim that it has been prejudiced by it.

Finally, this case is at an early stage of litigation, as the Court has only recently entered a scheduling order in this case after the motion to stay was filed, (Dkt. 53), and neither non-venue

discovery nor claim construction has begun. Therefore, this early stage of litigation favors a stay. *See, e.g.*, *Bell Semiconductor*, 2022 WL 1447948, at *2; *Landmark Tech., LLC v. iRobot Corp.*, No. 6:13-cv-411-JDL, 2014 WL 486836, at *3 (E.D. Tex. Jan. 24, 2014) ("Staying a case at an early juncture can advance judicial efficiency and maximize the likelihood that neither the court nor the parties expend their assets addressing invalid claims.") (internal quotation marks and citation omitted).

For these reasons, **IT IS ORDERED** that Tesla's opposed motion to stay pending *inter partes* review, (Dkt. 51), is **GRANTED**. This action is **STAYED** pending further order of the Court.

**IT IS FURTHER ORDERED** that the parties shall file quarterly status reports apprising the Court of the status of the *inter partes* review, with the first status report due on or before **June 20, 2024**.

**SIGNED** on March 20, 2024.

ROBERT PITMAN
UNITED STATES DISTRICT JUDGE